**LOBEL WEILAND GOLDEN FRIEDMAN LLP**
Jeffrey I. Golden, State Bar No. 133040
jgolden@lwgfllp.com
Reem J. Bello, State Bar No. 198840
rbello@lwgfllp.com
Faye C. Rasch State Bar No. 253838
frasch@lwgfllp.com
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Telephone:    (714) 966-1000
Facsimile:    (714) 966-1002

Attorneys for Weneta M.A. Kosmala,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:15-bk-13556-MW |
| JOHN OLAF HALVORSON, | Chapter 7 Case |
| Debtor. | Adv. No. |
| WENETA M.A. KOSMALA, Chapter 7 Trustee for the Bankruptcy Estate of John Olaf Halvorson,<br><br>Plaintiff,<br>v.<br>DAVID HOOSTEN, PCC FUND 1, LLC, and ROD VAN ZANDT,<br><br>Defendants. | **COMPLAINT:**<br>**(1) TO AVOID AND RECOVER FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 548(a)(1)(A), 548(a)(1)(B) AND 550;**<br>**(2) TO AVOID AND RECOVER FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 548(a)(1)(A), 548(a)(1)(B) AND 550;**<br>**(3) FOR BREACH OF CONTRACT;**<br>**(4) TO AVOID AND RECOVER FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 548(a)(1)(A), 548(a)(1)(B) AND 550;**<br>**(5) TO AVOID AND RECOVER PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550;**<br>**(6) FOR RESULTING TRUST;**<br>**(7) FOR CONSTRUCTIVE TRUST;**<br>**(8) TO PRESERVE TRANSFERS FOR THE BENEFIT OF THE ESTATE PURSUANT TO 11 U.S.C. § 551; AND**<br>**(9) FOR ATTORNEYS' FEES AND COSTS** |

1124999.1                                                        1                                                      COMPLAINT

Weneta M.A. Kosmala, the duly appointed, qualified and acting chapter 7 trustee (the "Trustee" or "Plaintiff") of the estate (the "Estate") of John Olaf Halvorson (the "Debtor" or "Defendant"), hereby files this complaint: (1) To Avoid and Recover Fraudulent Transfers Pursuant to 11 U.S.C. §§ 548(a)(1)(A), 548(a)(1)(B) and 550; (2) To Avoid and Recover Fraudulent Transfers Pursuant to 11 U.S.C. §§ 548(a)(1)(A), 548(a)(1)(B) and 550; (3) For Breach of Contract; (4) To Avoid and Recover Fraudulent Transfers Pursuant to 11 U.S.C. §§ 548(a)(1)(A), 548(a)(1)(B) and 550; (5) To Avoid and Recover Preferential Transfers Pursuant to 11 U.S.C. §§ 547 and 550; (6) For Resulting Trust; (7) For Constructive Trust; (8) To Preserve Transfers for the Benefit of The Estate Pursuant to 11 U.S.C. § 551; and (9) Attorneys' Fees and Costs ("Complaint") against David Hooston, PCC Fund 1, LLC, Rod Van Zandt (collectively, the "Defendants"), and alleges that:

## STATEMENT OF JURISDICTION AND VENUE

1. The Bankruptcy Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (E), (H) and (O) and 1334.

2. Venue properly lies in this judicial district in that this civil proceeding arises under title 11 of the United States Code as provided for in 28 U.S.C. § 1409(a).

3. This adversary proceeding arises out of and is related to the bankruptcy case of In re John Olaf Halvorson, Case No. 8:13-bk-13556-MW, filed on July 16, 2015 (the "Petition Date"), and currently pending in the United States Bankruptcy Court for the Central District of California, Santa Ana Division.

## STATEMENT OF STANDING

4. On or about July 16, 2015, John Olaf Halvorson ("Debtor") commenced a voluntary chapter 7 petition for relief under the U.S. Bankruptcy Code.

5. Weneta M.A. Kosmala was appointed the chapter 7 trustee of the Debtor's bankruptcy estate ("Estate").

6. The Trustee, as the Plaintiff, has standing to bring this action pursuant to 11 U.S.C. §§ 323, 547, 548, 550 and 551.

## PARTIES TO THE ACTION

7. Trustee is the duly appointed, qualified and acting chapter 7 trustee for the Estate. This action is brought by the Trustee in her representative capacity only.

8. The Trustee is informed and believes and thereon alleges that David Hooston is an individual residing in the State of Florida.

9. The Trustee is informed and believes and thereon alleges that PCC Fund 1, LLC is a limited liability company doing business in the County of Orange, State of California.

10. The Trustee is informed and believes and thereon alleges that Rod Van Zandt is an individual residing in the County of Orange, State of California.

## GENERAL ALLEGATIONS

11. Trustee is informed and believes and thereon alleges that Debtor owned a 100% membership interest in PCC Fund 1, LLC ("PCC Fund").

12. Trustee is informed and believes and thereon alleges that, in or about January 2015, the Debtor transferred a fifty percent (50%) membership interest in PCC Fund to David Hooston ("Hooston Transfer").

13. Trustee is informed and believes and thereon alleges that the Hooston Transfer was made by Debtor without any consideration or insufficient consideration.

14. Trustee is informed and believes and thereon alleges that the Debtor retained a fifty percent (50%) interest in PCC Fund.

15. Trustee is informed and believes and thereon alleges that on November 3, 2014, the Debtor transferred funds to PCC Fund from Halvorson Financial, Inc. in the amount of $49,750.

16. Trustee is informed and believes and thereon alleges that the Debtor has made various monetary transfers to PCC Fund within two years of the Petition Date, including but not limited to: (i) $20,000 on November 5, 2014, (ii) $9,500 on November 5, 2014, and (iii) $9,000 on November 14, 2014.

17. The following transfers shall collectively be referred to as the PCC Transfers: (i) November 3, 2014 transfer in the amount of $49,750; (ii) November 5, 2014 transfer in the amount of $20,000; (iii) November 5, 2014 transfer in the amount of $9,500; and (iv) November 14, 2014 transfer in the amount of $9,000.

18. Trustee is informed and believes and thereon alleges that the PCC Transfers made to PCC Fund were made by Debtor without any consideration or insufficient consideration.

19. Trustee is informed and believes and thereon alleges that on or about May 21, 2013, Debtor loaned Rod Van Zandt ("Van Zandt") the amount of $150,000 ("Van Zandt Loan").

20. Trustee is informed and believes and thereon alleges that Van Zandt has not repaid the Van Zandt Loan to the Debtor.

21. Trustee is informed and believes and thereon alleges that on or about May 1, 2015, the Debtor caused to be executed a promissory note in favor of Rod Van Zandt ("Van Zandt") on behalf of PCC Fund in the amount of $150,000 ("Van Zandt Transfer").

22. Trustee is informed and believes and thereon alleges that neither PCC Fund nor the Debtor received any consideration for the Van Zandt Transfer.

### FIRST CLAIM FOR RELIEF

**(Against David Hooston - To Avoid and Recover Fraudulently Transferred Property Pursuant to 11 U.S.C. §§ 548(a)(1)(A), 548(a)(1)(B) and 550)**

23. Trustee incorporates each and every allegation contained in paragraphs 1 through 22, inclusive, as though fully set forth herein.

24.    Trustee is informed and believes and thereon alleges that the Hooston Transfer was made within two years of the Petition Date.

25.    Trustee is informed and believes and thereon alleges that the Hooston Transfer was made with the actual intent to hinder, delay or defraud the Debtor's creditors.

26.    Trustee is informed and believes and thereon alleges that creditors existed at the time of the Hooston Transfer that remained unpaid as of the Petition Date.

27.    Trustee is informed and believes and thereon alleges that the Debtor received less than reasonably equivalent value in exchange for the Hooston Transfer.

28.    Trustee is informed and believes and thereon alleges that the Debtor was insolvent at the time of the Hooston Transfer and/or was rendered insolvent by virtue of the Hooston Transfer.

29.    By reason of the foregoing, the Hooston Transfer is avoidable, Trustee is entitled to set aside the Hooston Transfer pursuant to 11 U.S.C. §§ 548(a)(1)(A) and 548(a)(1)(B) and Trustee is entitled to recover the Hooston Transfer or the value of the Hooston Transfer for the benefit of the Estate pursuant to 11 U.S.C. § 550.

### SECOND CLAIM FOR RELIEF

**(Against PCC Fund - To Avoid and Recover Fraudulently Transferred Property Pursuant to 11 U.S.C. §§ 548(a)(1)(A), 548(a)(1)(B) and 550)**

30.    Trustee incorporates each and every allegation contained in paragraphs 1 through 29, inclusive, as though fully set forth herein.

31.    Trustee is informed and believes and thereon alleges that the PCC Transfers were made within two years of the Petition Date.

32.    Trustee is informed and believes and thereon alleges that the PCC Transfers were made with the actual intent to hinder, delay or defraud the Debtor's creditors.

33. Trustee is informed and believes and thereon alleges that creditors existed at the time of the PCC Transfers that remained unpaid as of the Petition Date.

34. Trustee is informed and believes and thereon alleges that the Debtor received less than reasonably equivalent value in exchange for the PCC Transfers.

35. Trustee is informed and believes and thereon alleges that the Debtor was insolvent at the time of the PCC Transfers and/or was rendered insolvent by virtue of the PCC Transfers.

36. By reason of the foregoing, the PCC Transfers are avoidable, Trustee is entitled to set aside the PCC Transfers pursuant to 11 U.S.C. §§ 548(a)(1)(A) and 548(a)(1)(B) and Trustee is entitled to recover the PCC Transfers or the value of the PCC Transfers for the benefit of the Estate pursuant to 11 U.S.C. § 550.

### THIRD CLAIM FOR RELIEF

**(Against Van Zandt – For Breach of Contract on the Van Zandt Note Pursuant to California Civil Code Section 337)**

37. Trustee incorporates each and every allegation contained in paragraphs 1 through 36 inclusive, as though fully set forth herein.

38. Trustee is informed and believes and thereon alleges that on or about May 21, 2013, Debtor loaned Van Zandt the amount of $150,000.

39. Trustee is informed and believes and thereon alleges that the Van Zandt Loan was documented by a promissory note in which Van Zandt is obligated to repay the Van Zandt Loan to the Debtor.

40. Trustee is informed and believes and thereon alleges that the Debtor loaned Van Zandt the $150,000, but Van Zandt has failed to repay the Van Zandt Loan.

41. Trustee is informed and believes and thereon alleges that Debtor and this Estate have been harmed by Van Zandt's failure to repay the Van Zandt Loan.

42. Trustee is informed and believes and thereon alleges that Debtor and this Estate have suffered damages in excess of $150,000 due to Van Zandt's failure to repay the Van Zandt Loan.

43. Trustee is informed and believes and thereon alleges that the Van Zandt Loan was due and payable within 4 years of the Petition Date.

44. By reason of the foregoing, the Trustee is entitled to a judgment against Van Zandt in the amount of $150,000 plus interest for Van Zandt's failure to repay the Van Zandt Loan pursuant to California Civil Code § 337.

## FOURTH CLAIM FOR RELIEF

**(Against Van Zandt - To Avoid and Recover
Fraudulently Transferred Property Pursuant to
11 U.S.C. §§ 548(a)(1)(A), 548(a)(1)(B) and 550)**

45. Trustee incorporates each and every allegation contained in paragraphs 1 through 44 inclusive, as though fully set forth herein.

46. Trustee is informed and believes and thereon alleges that the Van Zandt Transfer was made within two years of the Petition Date.

47. Trustee is informed and believes and thereon alleges that the Van Zandt Transfer was made with the actual intent to hinder, delay or defraud the Debtor's creditors.

48. Trustee is informed and believes and thereon alleges that creditors existed at the time of the Van Zandt Transfer that remained unpaid as of the Petition Date.

49. Trustee is informed and believes and thereon alleges that the Debtor received less than reasonably equivalent value in exchange for the Van Zandt Transfer.

50. Trustee is informed and believes and thereon alleges that the Debtor was insolvent at the time of the Van Zandt Transfer and/or was rendered insolvent by virtue of the Van Zandt Transfer.

51. By reason of the foregoing, the Van Zandt Transfer is avoidable, Trustee is entitled to set aside the Van Zandt Transfer pursuant to 11 U.S.C. §§ 548(a)(1)(A) and

548(a)(1)(B) and Trustee is entitled to recover the Van Zandt Transfer or the value of the Van Zandt Transfer for the benefit of the Estate pursuant to 11 U.S.C. § 550.

### FIFTH CLAIM FOR RELIEF

**(Against Van Zandt - To Avoid and Recover
Preferential Transfers Pursuant to 11 U.S.C. §§ 547 and 550)**

52. Trustee incorporates each and every allegation contained in paragraphs 1 through 51, inclusive, as though fully set forth herein.

53. Trustee is informed and believes and thereon alleges that to the extent that Debtor had any obligations to Van Zandt, the Van Zandt Transfer was made by Debtor to Van Zandt within 90 days prior to the Petition Date and was made to a creditor on account of an antecedent debt.

54. Trustee is informed and believes and thereon alleges that the Van Zandt Transfer made by the Debtor to Van Zandt enabled Van Zandt to receive more than Van Zandt would receive: (i) in the chapter 7 bankruptcy case; (ii) the transfer had not been made; and (iii) Van Zandt received payment on account of the debt paid by the Van Zandt Transfer to the extent provided by the Bankruptcy Code.

55. By reason of the foregoing, the Van Zandt Transfer is avoidable, Trustee is entitled to set aside the Van Zandt Transfer pursuant to 11 U.S.C. § 547, and Trustee is entitled to recover the Van Zandt Transfer or the value of the Van Zandt Transfer, exclusive of any liens and encumbrances, for the benefit of the Estate pursuant to 11 U.S.C. § 550.

### SIXTH CLAIM FOR RELIEF

**(Against Hooston - For Imposition of Resulting Trust)**

56. Trustee incorporates each and every allegation contained in paragraphs 1 through 55, inclusive, as though fully set forth herein.

57. The Trustee is informed and believes, and on that basis alleges that at all times after the Hooston Transfer, Debtor and Hooston intended and agreed that the

beneficial interest in PCC Fund would be held only by Debtor.  Accordingly, Hooston held his interest in PCC Fund in trust for Debtor and Hooston currently holds his current interest in PCC Fund in trust for the benefit of the Estate.

58. By reason of the foregoing, Trustee is entitled to the imposition of a resulting trust on the interest of Hooston in PCC Fund and an order declaring title to the 50% interest held by Hooston in PCC Fund to be in the name of the Trustee for the benefit of the Estate.

## SEVENTH CLAIM FOR RELIEF

### (Against David Hooston - For Imposition of Constructive Trust)

59. Trustee incorporates each and every allegation contained in paragraphs 1 through 58, inclusive, as though fully set forth herein.

60. The Trustee is informed and believes, and on that basis alleges that Hooston was unjustly enriched as a result of the Hooston Transfer.

61. By reason of the foregoing, Trustee is entitled to the imposition of a constructive trust as of the date of the acquisition of the Hooston Transfer by Hooston and an order declaring title to the Hooston's interest in PCC Fund to be in the name of the Trustee, for the benefit of the Estate as of the Petition Date.

## EIGHTH CLAIM FOR RELIEF

### (To Preserve Transfers for the Benefit of the Estate Pursuant to 11 U.S.C. § 551)

62. Trustee incorporates each and every allegation contained in paragraphs 1 through 61, inclusive, as though fully set forth herein.

63. Pursuant to 11 U.S.C. § 551, the Hooston Transfer, the PCC Fund Transfers, and the Van Zandt Transfer are preserved for the benefit of the Estate as these transfers are avoidable under 11 U.S.C. §§ 547, 548 and 550 as set forth above.

## NINTH CLAIM FOR RELIEF

### (For Award of Attorneys' Fees and Costs Pursuant to Rule 7008(b))

64. Trustee incorporates each and every allegation contained in paragraphs 1 through 63, inclusive, as though fully set forth herein.

65. Based on the foregoing allegations, Trustee is entitled to reasonable attorneys' fees and costs resulting from bringing the instant action.

**WHEREFORE**, Trustee prays that this Court enter a judgment against the Defendants as follows:

### On the First Claim for Relief

(1) Avoiding the Hooston Transfer and declaring that the Hooston Transfer be annulled and rendered void as a fraudulent transfer and for recovery of the Hooston Transfer or the value of the HoostonTransfer for the benefit of the Estate.

(2) Awarding the Trustee on behalf of the Estate a money judgment against Hooston in the amount of the value of the Hooston Transfer.

### On the Second Claim for Relief

(3) Avoiding the PCC Transfers and declaring that the PCC Transfers be annulled and rendered void as fraudulent transfers and for recovery of the PCC Transfers or the value of the PCC Transfers for the benefit of the Estate.

(4) Awarding the Trustee on behalf of the Estate a money judgment against PCC Fund in the amount of the value of the PCC Transfers.

### On the Third Claim for Relief

(5) Awarding the Trustee on behalf of the Estate a money judgment against Van Zandt in the amount of the value of the Van Zandt Loan.

### On the Fourth Claim for Relief

(6) Avoiding the Van Zandt Transfer and declaring that the Van Zandt Transfer be annulled and rendered void as a fraudulent transfer and for recovery of the Van Zandt Transfer or the value of the Van Zandt Transfer for the benefit of the Estate.

(7) Awarding the Trustee on behalf of the Estate a money judgment against Van Zandt in the amount of the value of the Van Zandt Transfer.

### On the Fifth Claim for Relief

(8) Avoiding the Van Zandt Transfer and declaring that the Van Zandt Transfer be annulled and rendered void as a preferential transfer and for recovery of the Van Zandt Transfer or the value of the Van Zandt Transfer for the benefit of the Estate.

(9) Awarding the Trustee on behalf of the Estate a money judgment against Van Zandt in the amount of the value of the Van Zandt Transfer.

### On the Sixth Claim for Relief

(10) For imposition of a resulting trust on Hooston's interest in PCC Fund for the benefit of the Estate.

### On the Seventh Claim for Relief

(11) For imposition of a constructive trust on the Estate's interest in PCC Fund for the benefit of the Estate as of the date of the acquisition of the Hooston Transfer and an order declaring title to the Estate's interest in PCC Fund to be in the name of theTrustee, for the benefit of Debtor's Estate.

### On the Eighth Claim for Relief

(12) For preservation of the Hooston Transfer, the PCC Transfers and the Van Zandt Transfer for the benefit of the Estate f

### On the Ninth Claim for Relief

(13) Trustee be awarded costs and attorneys' fees incurred in this action.

**On All Claims for Relief**

(14)　For pre-judgment and post-judgment interest at the maximum legal rate.

(15)　For such other and further relief as the Court deems just and proper.

Dated: July 15, 2017　　　　　　　　　　LOBEL WEILAND GOLDEN FRIEDMAN LLP

By: /s/ Reem J. Bello
　　REEM J. BELLO
　　Attorneys for Weneta M.A. Kosmala,
　　Chapter 7 Trustee

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1124999.1　　　　　　　　　　12　　　　　　　　　　COMPLAINT

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS** Weneta M.A. Kosmala, Chapter 7 Trustee for the Bankruptcy Estate of John Olaf Halvorson | **DEFENDANTS** David Hoosen, PCC Fund 1, LLC, and Rod Van Zandt |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Reem J. Bello, Lobel Weiland Golden Friedman LLP<br>650 Town Center Drive, Ste 950, Costa Mesa, CA 92626    Phone: (714) 966-0000 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Complaint: (1) To Avoid and Recover Fraudulent Transfers Pursuant to 11 U.S.C. Sections 548(a)(1)(A), 548(a)(1)(B) and 550; For Breach of Contract; To Avoid and Recover Preferential Fraudulent Transfers Pursuant to 11 U.S.C. Sections 547 and 550; For Resulting Trust; For Constructive Trust; To Preserve Transfers for the Benefit of the Estate Pursuant to 11 U.S.C. Section 551, for Attorneys' Fees and Costs

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☒ [2] 12-Recovery of money/property - §547 preference
☒ [1] 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>John Olaf Halvorson | BANKRUPTCY CASE NO.<br>8:15-bk-13556-MW | | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISION OFFICE<br>Santa Ana | NAME OF JUDGE<br>Mark Wallace | |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. | |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ REEM J. BELLO | | | |
| DATE<br>July 15, 2017 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Reem J. Bello | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Jeffrey I. Golden, State Bar No. 133040<br>jgolden@lwgfllp.com<br>Reem J. Bello, State Bar No. 198840<br>rbello@lwgfllp.com<br>LOBEL WEILAND GOLDEN FRIEDMAN LLP<br>650 Town Center Drive, Suite 950<br>Costa Mesa, CA  92626<br>Phone: (714) 966-1000<br>Fax: (714) 966-1002<br><br>*Attorney for Plaintiff* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br>JOHN OLAF HALVORSON,<br><br><br><br>Debtor(s). | CASE NO.: 8:15-bk-13556-MW<br>CHAPTER: 7<br>ADVERSARY NO.: |
|---|---|
| WENETA M.A. KOSMALA, Chapter 7 Trustee for the Bankruptcy Estate of John Olaf Halvorson,<br><br><br>Plaintiff(s)<br>Versus<br>DAVID HOOSTEN, PCC FUND 1, LLC and ROD VAN ZANDT,<br><br><br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** |

TO THE DEFENDANT:  A Complaint has been filed by the Plaintiff against you.  If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint.  You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page.  The deadline to file and serve a written response is _____.  If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

> **Hearing Date:** _____    **Address:**
> **Time:** _____                 ☐ 255 East Temple Street, Los Angeles, CA 90012
> **Courtroom:** _____            ☐ 3420 Twelfth Street, Riverside, CA 92501
>                                   ☐ 411 West Fourth Street, Santa Ana, CA 92701
>                                   ☐ 1415 State Street, Santa Barbara, CA 93101
>                                   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*               Page 1               F 7004-1.SUMMONS.ADV.PROC

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.**  All parties must read and comply with the rule, even if you are representing yourself.  You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference.  A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS.REPORT.ATTACH).  If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference.  **The court may fine you or impose other sanctions if you do not file a status report.  The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

                                      **KATHLEEN J. CAMPBELL**
                                      **CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____

                                      By: _____
                                                    Deputy Clerk

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                                     Page 2                                         **F 7004-1.SUMMONS.ADV.PROC**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:



A true and correct copy (1) of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** and (2) the accompanying pleading(s) entitled:
_____
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

2.  **SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

3.  **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____
Date          *Printed Name*                              *Signature*

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                    Page 3                          **F 7004-1.SUMMONS.ADV.PROC**